UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LOUIS J. DESY, JR.<br>        Plaintiffs,<br><br>        v.<br><br>AZZ, Inc.<br>        Defendant. | CIVIL ACTION<br>No. 19-40135-TSH |

**MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION TO DISMISS**
**June 9, 2020**

**HILLMAN, D.J.**

Plaintiff, Louis J. Desy, Jr. ("Plaintiff") filed this action against his former employer, AZZ, Inc. ("Defendant") in the Massachusetts Superior Court ("Complaint"). Defendant removed the case to this Court and now moves to dismiss all claims pursuant to Rule 12(b)(6). (Docket No. 7). For the reasons stated below, Defendant's motion is ***granted***.

**Background**

Because Plaintiff appears *pro se*, we construe his pleadings more favorably than we would those drafted by an attorney. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Nevertheless, Plaintiff's pro-se status does not excuse him from complying with procedural and substantive law. *See Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir. 1997). Plaintiff began working at AZZ, which manufactures specialty electrical equipment, in October 2007 as an Assistant Controller in its Massachusetts office. In August 2016, Desy was promoted to Accounting Manager. His duties included maintaining customer computer programs,

consolidating monthly financial statements, and staying on schedule for the monthly close cycle. Plaintiff was an at-will, salaried employee who worked an average of 60 hours per week. Following his promotion, Plaintiff emailed AZZ's CEO and CFO noting his new responsibilities and requesting an additional pay increase. Defendant denied the request.

In 2018, Desy was part of AZZ's Employee Incentive Program ("EIP"), which would have provided him with a bonus equal to twenty-percent (20%) of his annual salary had the company hit its net income target for the fiscal year. Under the program, Desy would receive no bonus if the company's net income was less than half of its target. For the Fiscal Year 2018, AZZ's net income was less than half of its target, and Desy did not receive a bonus.

Plaintiff alleges that AZZ did not reach its target income because it improperly shifted over one-million dollars in revenue from Fiscal Year 2018 to Fiscal Year 2019. Believing such an act to be in violation of the Sarbanes-Oxley Act and Securities and Exchange Commission (SEC) regulations, Plaintiff tried to convince AZZ management not to shift revenue.

That same year, Plaintiff claims he tried to stop AZZ from bribing a Hong Kong company. Plaintiff claims AZZ offered LS International Ltd. $702,461 in order to secure a contract in China. Believing this to be a violation of the Foreign Corrupt Practices Act, Plaintiff tried to stop AZZ from delivering the payment. AZZ terminated Desy in 2018, claiming he was a "poor employee." At the time, Desy was one of the last "older employees" within AZZ's electrical and finance groups.

Plaintiff brings this action against AZZ, Inc. alleging non-payment of wages (Count I), non-payment of overtime (Count II), age discrimination (Count III), wrongful termination (Count IV), and libel and slander (Count V). More specifically, Plaintiff alleges he did not receive the bonus he was entitled to, that he was not paid for the 20 hours of overtime he worked

per week, that he was terminated because of his age, that his termination offends public policy, and that statements made by defendant calling him a "poor employee" constitute libel and slander.

## Standard of Review

A defendant may move to dismiss, based solely on the complaint, for the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559, 127 S.Ct. 1955 (2007). Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S.Ct. 1955. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011).

In evaluating a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000). It is a "context-specific task" to determine "whether a complaint states a plausible claim for relief," one that "requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937 (2009) (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]'— that the pleader is entitled to relief." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). On the other hand, a court may not disregard properly pled factual

allegations, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955.

## Discussion

*Count 1 – Massachusetts Payment of Wages Law*

A bonus is not considered a wage regulated by Massachusetts law. *See Weems v. CitiGroup, Inc.*, 453 Mass. 147, 153 (2009). The operative fact for determining an award's coverage under the Wage Act is whether it is discretionary, which is to say the Court must determine whether the employer had an obligation to award payment. *Id.* Here, both parties agree that the Employee Incentive Program stipulated that no payment would be awarded to Plaintiff if the company's net income for the Fiscal Year 2018 was below 50% of its set target, which it was. The crux of Plaintiff's complaint is that AZZ only fell below the target income because management illegally shifted earnings to the next fiscal year.

Plaintiff's allegations of shifted earnings however, though lengthy, consist of nothing more than conclusory statements. *See Rodriguez-Vives v. P.R. Firefighters Corps of P.R.*, 743 F.3d 278, 286 (1st Cir. 2014) ("A conclusory allegation … is one which simply asserts a legal conclusion, such as 'I was retaliated against,' not a specific factual allegation"). The complaint states that "AZZ management … illegally and improperly decided to not recognize about over one million dollars in revenue." Complaint at 9. Aside from Plaintiff's estimate of revenue and an explanation of the reasons a company might shift earnings, this allegation has no factual support. Where the bareness of a factual allegation makes clear that the plaintiff is merely speculating, the allegation is in essence conclusory. *See Peñalbert-Rosa v. Fortuño-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 n. 5 (2007)) ("some allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or

speculative that they fail to cross 'the line between the conclusory and the factual'"). Accordingly, because Plaintiff has not stated a plausible claim that Defendant was obligated to pay him any amount under the EIP, this count will be dismissed.

*Count 2 – Massachusetts Overtime Law*

Massachusetts law requires employees be paid time and a half for any time worked over forty (40) hours per week unless they fall into one of twenty (20) enumerated statutory exemptions. M.G.L. c. 151 § 1A. One of these exemptions is for a "bona fide executive, or administrative or professional person." *Id.* Massachusetts regulations stipulate that this exemption has the same meaning as the analogous federal law, 29 CFR § 541.301(a). *See* 454 CMR § 27.03. Accountants generally fall within the learned executive exemption. 29 CFR § 541.301(e)(1)(5). Here, Plaintiff was an Accounting Manager whose duties included consolidating monthly financial statements. Consequently, Plaintiff is an exempt employee and was not owed overtime pay under Massachusetts law. This count, then, will be dismissed.

*Count 3 – Age Discrimination*

To bring a claim in court under the ADEA, a prospective plaintiff must wait at least sixty (60) days after filing a charge with the EEOC. 29 U.S.C. § 626(d)(1). Further, the administrative charge must be filed within 180 days after the alleged unlawful practice occurred. *Id.* Similarly, Massachusetts law requires ninety (90) days to have passed after the filing of a discrimination charge with the MCAD before relief may be sought in the courts. M.G.L. c. 151B § 9; *Charland v. Muzi Motors, Inc.*, 417 Mass. 580, 581 (1994). Because Plaintiff has not filed a charge of discrimination with either administrative agency, Count III will be dismissed.

*Count 4 – Wrongful Termination*

Massachusetts law permits redress for at-will employees based on public policy in certain circumstances. *Smith-Pfeffer v. Superintendent of the Walter E. Fernald State School*, 404 Mass. 145, 149 (1989). It is for the Court to determine whether a well-defined public policy exists, and guidance should be drawn from legislative expressions. *Smith v. Mitre Corp.*, 949 F. Supp. 943, 949 (D. Mass. 1997). Further, the public policy exception is to be interpreted narrowly. *King v. Driscoll*, 418 Mass. 576, 638 (1994). Here, Plaintiff has asserted that he was fired for inquiring about a pay raise and for trying to stop the company from engaging in illegal activity.

First, this Court will not recognize a public policy protecting employees who have asked for raises. To do so would expand the public policy exception beyond its intended use. *See Smith-Pfeffer*, 404 Mass. at 150 (reasoning that expanding the public policy exception to cover all discharges without just cause of employees performing appropriate, socially desirable duties would render the at-will rule meaningless). Further, Plaintiff has not pointed to any legislative basis supporting such a public policy.

Second, Plaintiff's claim that he was fired for objecting to illegal activity is supported by nothing more than conclusory statements. Defendant argues that Plaintiff never alleges he complained about or objected to any illegal activity. However, the complaint alleges that "plaintiff tried to stop AZZ Inc from committing a violation of the Foreign Corrupt Practices Act (FCPA)" and "tried to convince AZZ management to not improperly … violat[e] [the] Sarbanes-Oxley Act and SEC Regulations." Complaint at 1. The problem is that the complaint does not include any factual support for these statements. The Plaintiff does not specify when, how, or to whom he objected to AZZ's allegedly illegal activity. Without the bare minimum factual support, this allegation is conclusory and will be dismissed.

*Count 5 – Libel and Slander*

To support a claim for defamation, a plaintiff must show that a statement was made public and was either false or made with actual malice. *See McAvoy v. Shufrin*, 401 Mass. 593, 597 (1998). Defendant argues that the statements are opinion and are not alleged to have been published to anyone but the Plaintiff. The complaint only alleges that AZZ, Inc. and its employees claimed Plaintiff was a "poor employee" and that his termination was due to "poor performance."

The complaint's allegations mirror those made in *Dorn v. Astra USA*, 975 F. Supp. 388 (D.Mass. 1997). In *Dorn*, former employees brought a defamation claim against their employer based on the statement that they were "terminated for poor performance." *Id.* at 396. The Court concluded that, for purposes of a motion to dismiss, the statement was "false and defamatory" because it would impair standing in the community. *Id.* However, the plaintiffs still failed to state a claim for defamation because "they do not allege that anyone in particular made the statements nor that anyone in particular, other than plaintiffs heard them." *Id.* Here, Plaintiff has also not specified who made the statements or alleged that they were made public. Consequently, even taking the complaint's factual allegations as true, there is no right to relief for defamation. Accordingly, Count 5 will be dismissed.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Docket No. 7) is hereby **granted**.

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**